Duer, J.
—
The question which this demurrer was intended to raise, namely, whether the circumstances, which the answer alleges in mitigation of damages, can be properly admitted in. evidence, I must decline to consider, since I am satisfied that matter, which is pleaded only in mitigation of damages, is not a subject of demurrer at all. It is only when the new matter in an answer is alleged as a defence to the action, as a legal bar in whole or in part to the plaintiff’s recovery, that a demurrer can be necessary or proper; and that mitigating circumstances are not a defence in the proper sense of the term, is evident from the fact that if pleaded alone, the answer would be struck out as frivolous, and the plaintiff be entitled to an immediate judgment.
It was said that mitigating circumstances, although not a full,. are certainly a partial defencé, and that a partial defence is just as competent and proper in an action for a tort as upon a contract ; but there is a very material distinction, which was overlooked upon the argument. "Where the object of the suit is. to recover a definite sum of money, the necessary effect of a partial defence when proved, is to reduce pro tanto the amount of the plaintiff’s recovery; but in suits in which the damages are uncertain, and in a measure arbitrary, the effect of the evidence, which is given for the sole purpose of reducing the amount, rests entirely in the discretion of the jury, who, notwithstanding all the circumstances relied upon may be proved, may still give all the damages which the plaintiff claims. Mitigating circumstances are, therefore, not a legal bar to a recovery of any portion of the damages which the plaintiff seeks to recover, and hence it is, that while the rules of just pleading have sanctioned a partial defence in actions upon contract, they have never allowed a defence, which, admitting the cause of action, seeks only to reduce the amount of damages, to be pleaded in any action for an injury to person, character, or property. It is true, that the code now permits a defendant who justifies in an action for libel or slander, to allege in his answer any mitigating *670 circumstances which he thinks may reduce the amount of damages, (Code, § 165,) but the permission thus given has not altered the nature and effect of the circumstances which the defendant thus offers to prove. Whether, if proved, they will operate upon the minds of a jury so as to reduce at all the amount of damages, is still uncertain; and this uncertainty necessarily takes from them the character of a legal bar, in whole or in part, to the plaintiff’s recovery. The true and sole design of this new provision in the code, is to enable a defendant, by giving notice of his intention, in his answer, to prove upon the trial circumstances in mitigation of damages, even when he has. pleaded and failed to prove the truth of a defamatory charge; thus relieving him from the operation of the rule, which was established as law by the memorable decision of the court of errors in Root v. King, (7 Cow. 613.)
Perhaps there are few who have reflected upon the subject, who will not approve of this design, although some may be disposed to think, that its object might better have been attained by a direct repeal of an objectionable rule of law, than by an anomalous change in the forms of pleading.
It is an error to suppose that the plaintiff can be prejudiced by the construction which I give to this new provision in the code. By considering the allegation of mitigating circumstances, not as a defence, but as a notice merely, the plaintiff will be freed from the necessity of replying, as well as of demurring to this part of the answer, and will have his election upon the trial, to controvert the truth of the facts alleged, or deny their admissibility in evidence. The code, indeed, provides, that every material allegation in a complaint or answer, which is not specifically controverted by the opposite party in his answer or reply, must be taken as true; (Code, § 168;) but the effect of this provision depends entirely upon the interpretation of the word “ material.” And as the code has not defined its meaning, it must, of course, be understood in its old and established sense. Adopting this, no allegation can be deemed material, unless an issue taken upon it, whether of law or fact, will decide the cause, so far as relates to the particular cause of action to *671 which the allegation refers. (Stephens on PI. 99, 130, 240.) Hence a defendant was not only not required, but was prohibited, from taking issue upon matter in aggravation of damages stated in the declaration, since, whether such matter be true or false, the plaintiff may still be entitled to recover. (1 Yen tris, 54; 1 Lev. 283 ; Steph. on PI. 243.) ’
And, exactly for the same reason, a denial of circumstances in mitigation would be an improper and immaterial issue. A plaintiff alleging matter in aggravation, if he relies upon it, although it is not traversed, must prove it upon the trial; and such also must be the obligation of a defendant, who alleges mitigating circumstances which are not denied in a reply.
I will allow the plaintiff to withdraw his demurrer upon payment of costs; but if he wishes to appeal, I must render judgment against him. (The plaintiff’s counsel acquiesced in the decision, and withdrew the demurrer.)